RECEIVED
NOV 14 2005
ROBERT H. SH... ...LL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 98-60009-01<br>CIVIL ACTION NO. 05-1113 |
| VS. | JUDGE DOHERTY |
| TRAMELL RAYMOND ARCENEAUX | MAGISTRATE JUDGE METHVIN |

### REPORT AND RECOMMENDATION ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO §2255
*(Rec. Doc. 134)*

On June 23, 2005, petitioner Tramell Raymond Arceneaux filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. §2255.[1] The United States filed an answer and memorandum.[2] For the following reasons, it is recommended that the motion be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. §1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. §2244 to file the instant habeas corpus motion in this district court.

*Factual and Procedural Background*

On April 17, 1998, Arceneaux was charged in a three-count indictment, as follows:

| | |
|---|---|
| Count I: | Conspiracy to distribute at least 5 kilograms of cocaine base (crack cocaine), and 5 kilograms of cocaine hydrochloride (powder cocaine), in violation of 21 U.S.C. §§841(a)(1) and 846; |
| Count II: | Distribution, and aiding and abetting in the distribution, of approximately 1,200 grams of cocaine base and 500 grams of cocaine hydrochloride, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2. |
| Count III: | Criminal forfeiture pursuant to 21 U.S.C. 853. |

---

[1] Rec. Doc. 134.

[2] Rec. Doc. 138.

Following a four-day jury trial, Arceneaux was found guilty on Counts One and Two.[3] The court dismissed Count III on the government's motion prior to jury deliberations.[4] On June 15, 1999, Arceneaux was sentenced to twenty five years' imprisonment.[5] Arceneaux timely filed a Notice of Appeal of his conviction and sentence on June 24, 1999.[6] On September 8, 2000, the United States Court of Appeals for the Fifth Circuit affirmed Arceneaux's conviction and sentence. United States v. Arceneaux, No. 99-30700 (5th Cir. October 17, 2000).[7]

On August 6, 2001, Arceneaux filed a motion for relief under 28 U.S.C. §2255, arguing that his sentence violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that his counsel was ineffective for (1) failing to investigate the law that best applied to his case, (2) failing to argue appropriate defenses, and (3) failing to argue during the sentencing stage.[8] That motion was denied and dismissed with prejudice by the district judge on January 14, 2002.[9] Both the district court and the Fifth Circuit denied Arceneaux's requests for certificates of appealability.[10]

---

[3] Rec. Doc. 76.

[4] Rec. Docs. 75-76.

[5] Rec. Doc. 97.

[6] Rec. Doc. 98.

[7] Rec. Doc. 110.

[8] Rec. Doc. 113.

[9] Rec. Doc. 119. An amended judgment denying and dismissing the motion with prejudice was issued by the district judge on January 31, 2002. See Rec. Doc. 121.

[10] Rec. Docs. 123 & 133, respectively.

On June 23, 2005, Arceneaux filed the instant motion to vacate, set aside or correct sentence pursuant to §2255, arguing again that he is entitled to relief under Apprendi as well as under the United States Supreme Court's recent rulings in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Specifically, Arceneaux argues that the trial judge illegally increased his sentence based upon amounts of drugs that were attributed to him at his sentencing hearing that were not presented to the jury during his trial.

### *Legal Analysis*

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), once an inmate's motion for relief pursuant to §2255 has been denied, he may not file a second or successive motion without leave of court from the Fifth Circuit Court of Appeal. 28 U.S.C.A. §2244(b)(3)(A). Section 2255 limits such certification to motions involving: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

A subsequent motion to vacate sentence is "second or successive," and thereby subject to restrictions under AEDPA, when it: (1) raises a claim challenging petitioner's conviction or sentence that was or could have been raised in earlier petition, or (2) otherwise constitutes abuse of writ, and a court is proper in dismissing the successive motions for lack of subject matter jurisdiction. United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). A subsequent motion is not second or successive if the original motion was not dismissed on the merits.

Stewart v. Martinez-Villareal, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (holding that a claim raised for the first time after the original habeas petition was denied was not second or successive because the first petition was dismissed only for technical procedural reasons, i.e., the claim presented was premature); Slack v. McDaniel, 120 S.Ct. 1595, 146, L.Ed.2d 542 (2000) (holding that claims are not second or successive when raised in a subsequent petition that are filed after the original petition has only been dismissed for failure to exhaust).

In the case at bar, all three grounds that Arceneaux raised in his original 2255 motion were dismissed on the merits. Therefore, the undersigned construes the instant motion as a motion for authorization to file a second or successive habeas motion. See, e.g., In re Smith 142 F.3d 832, 833-34 (5th Cir. 1998) (noting that district court, under AEDPA, properly construed a fourth-filed habeas motion as a request for authorization to file a successive habeas motion and transferred the motion to the Fifth Circuit). As previously noted, Arceneaux may not file a second or successive §2255 habeas motion without first moving in the court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). See also Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Accordingly, Arceneaux's motion should be transferred to the Fifth Circuit for a determination as to whether he should be allowed to file the motion in district court.

Finally, although it is not an issue for this court to decide, the undersigned notes that the Fifth Circuit recently denied a motion for leave to file a successive §2255 motion raising a

Booker claim. See In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005) (*per curiam*). The Fifth Circuit held that the United States Supreme Court did not make Booker, and, "by logical extension, Blakely," retroactive to cases on collateral review for purposes of a successive motion under §2255. See also Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (*per curiam*) ("[W]e conclude that *Booker* . . . falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §2255 cases on collateral review."); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) (*"Booker* may not be applied retroactively to second or successive habeas petitions."); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005) ("[W]e conclude that *Booker's* rule does not apply retroactively in collateral proceedings...."); Green v. United States, 397 F.3d 101, 103 (2nd Cir. 2005) (*per curiam*) ("[N]either *Booker* nor *Blakely* [*v. Washington,* 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),] apply retroactively to Green's collateral challenge."); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005.").

## *Conclusion*

Therefore, **IT IS RECOMMENDED** that the instant motion be deemed a second or successive §2255 claim and that it be transferred to the Fifth Circuit for a determination of whether Arceneaux is authorized to file the second or successive motion.[11]

---

[11] 28 U.S.C. §1631 authorizes a transfer in this case:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** <u>Douglass v. United Services Automobile Association</u>, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on November 14, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT
DATE 11-14-05
BY: CW
TO: mean
     RFD/ms

---

actually filed in or noticed for the court from which it is transferred.