RECEIVED
MAR 2 2 2006
ROBERT ... CLERK
WESTERN ... LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 98-60009-01<br>CIVIL ACTION NO. 05-1113 |
| VS. | JUDGE DOHERTY |
| TRAMELL RAYMOND ARCENEAUX | MAGISTRATE JUDGE METHVIN |

### SUPPLEMENTAL REPORT AND RECOMMENDATION ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO §2255
*(Rec. Doc. 134)*

This supplemental report and recommendation is issued at the request of the district judge, who ordered that the undersigned magistrate judge update her report and recommendation dated November 14, 2005 in light of the government's failure to properly serve a copy of its answer on the petitioner, as more fully explained below.

On June 23, 2005, petitioner Tramell Raymond Arceneaux filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. §2255.[1] The United States filed an answer and memorandum.[2] On November 14, 2005, the undersigned issued a report finding that the motion was successive and recommending that it be transferred to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. §1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. §2244 to file the motion in this district court.[3]

---

[1] Rec. Doc. 134.

[2] Rec. Doc. 138.

[3] Rec. Doc. 139.

On December 19, 2005, the district judge issued a Judgment adopting the reasoning of the Report and Recommendation and transferring the motion to the Fifth Circuit.[4]

On December 27, 2005, the district judge received a letter from Arceneaux, in which he stated that he had not been served with a copy of the government's answer and had not, therefore, been afforded an opportunity to respond to the allegations raised therein. An investigation of the record showed that, indeed, the government had mailed a copy of the answer to Arceneaux at an address other than the one that Arceneaux had identified in his motion to vacate and other than the one identified on the docket sheet. Accordingly, the district judge vacated the judgment issued on December 19, 2005; ordered that the government immediately serve a copy of its answer on Arceneaux at the address identified on the docket sheet; ordered that Arceneaux be given until January 30, 1996 to respond to the government's answer; and ordered that the undersigned issue a supplemental report and recommendation once Arceneaux's reply brief was filed.[5] Arceneaux's reply brief is now before the undersigned. For the reasons assigned below, the undersigned finds that Arceneaux remains unentitled to relief. Therefore, it is **RECOMMENDED** that the instant motion be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. §1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. §2244 to file the instant habeas corpus motion in this district court.

---

[4] Rec. Doc. 141.

[5] Rec. Doc. 142.

## Analysis[6]

In his reply brief, Arceneaux argues that he is entitled to relief under Paragraph 6(3) of 28 U.S.C. §2255, not Paragraph 8(1). Paragraph 6 of 2255 states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

38 U.S.C. §2255.

Paragraph 8 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id.

Arceneaux states that he knows he is not entitled to relief under Paragraph 8, inasmuch as this paragraph requires a petitioner to obtain permission from the appropriate circuit court to file a second or successive motion. Rather, Arceneaux argues that he is entitled to relief under

---

[6] For a complete factual and procedural background, please refer to the undersigned's November 14, 2005 Report and Recommendation, Rec. Doc. 139.

Paragraph 6(3) of §2255, which does not require that a petitioner seek permission from the circuit court to file a second or successive motion.

Arceneaux's argument is misplaced. Paragraph 6(3) addresses the *one-year limitation period* for the filing of §2255 motions, not the substantive issue of which rights have been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Thus, Paragraph 6 states the limitations period for the filing of all §2255 motions, while Paragraph 8 states that second or successive motions may not be filed without certification from the circuit court that they qualify for consideration in the district court, despite being successive.

Application of Paragraph 6 to Arceneaux's motion shows that the motion was timely filed, inasmuch as it was filed on August 6, 2001, which was within one year of the Fifth Circuit's affirmation of his conviction and sentence on September 8, 2000. United States v. Arceneaux, No. 99-30700 (5th Cir. October 17, 2000).[7] Notwithstanding the foregoing, all three grounds that Arceneaux raised in his original 2255 motion were dismissed on the merits. Therefore, the undersigned construes the instant motion as a motion for authorization to file a second or successive habeas motion. See, e.g., In re Smith 142 F.3d 832, 833-34 (5th Cir. 1998) (noting that district court, under AEDPA, properly construed a fourth-filed habeas motion as a request for authorization to file a successive habeas motion and transferred the motion to the Fifth Circuit). As previously noted, under Paragraph 8 of §2255, Arceneaux may not file a second or successive §2255 habeas motion without first moving in the court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court,

---

[7] Rec. Doc. 110.

the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). See also Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

Furthermore, as explained in the November 14, 2005 Report and Recommendation, and as Arceneaux acknowledges in his reply brief, the rule of Booker has not been found to be retroactive to cases on collateral review. See In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005) (*per curiam*) (holding that the United States Supreme Court did not make Booker, and, "by logical extension, Blakely," retroactive to cases on collateral review for purposes of a successive motion under §2255). See also Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (*per curiam*) ("[W]e conclude that *Booker* . . . falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §2255 cases on collateral review."); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) (*"Booker* may not be applied retroactively to second or successive habeas petitions."); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005) ("[W]e conclude that *Booker*'s rule does not apply retroactively in collateral proceedings...."); Green v. United States, 397 F.3d 101, 103 (2nd Cir. 2005) (*per curiam*) ("[N]either *Booker* nor *Blakely* [*v. Washington*, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),] apply retroactively to Green's collateral challenge."); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005.").

Considering the foregoing, the undersigned concludes that Arceneaux's motion should be transferred to the Fifth Circuit for a determination as to whether he should be allowed to file the motion in district court.

## *Conclusion*

For the foregoing reasons, and for the reasons set forth in the undersigned's November 14, 2005 Report and Recommendation, **IT IS RECOMMENDED** that the instant motion be deemed a second or successive §2255 claim and that it be transferred to the Fifth Circuit for a determination of whether Arceneaux is authorized to file the second or successive motion.[8]

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

---

[8] 28 U.S.C. §1631 authorizes a transfer in this case:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

conclusions accepted by the District Court, except upon grounds of plain error. See

Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on March __22__/__2006__.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

3-22-06
CM
MEM
RFD/ms